Requestor: Donald L. Crowley, Esq., County Attorney County of Wayne Wayne County Courthouse 26 Church Street Lyons, N.Y. 14489
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the positions of county coroner and county director of public health may be held simultaneously by the same person.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
You have informed us that the director of public health serves as the primary administrator of all public health programs in the county and has responsibility for coordinating the various technical services provided under State public health programs and by home health agencies.
The coroner is authorized to investigate the death of every person within the county which is or appears to be:
 "(a) A violent death, whether by criminal violence, suicide or casualty;
 (b) A death caused by unlawful act or criminal neglect;
 (c) A death occurring in a suspicious, unusual or unexplained manner;
(d) A death caused by suspected criminal abortion;
 (e) A death while unattended by a physician, so far as can be discovered, or where no physician able to certify the cause of death as provided in public health law and in form as prescribed by the commissioner of health can be found;
 (f) A death of a person confined in a public institution other than a hospital, infirmary or nursing home."
County Law § 673(1). Additionally, the coroner is required to investigate all unnatural deaths and deaths occurring to an inmate of a correctional facility. Id., § 671.
You have expressed concern about conflicts that could result from the investigation by this individual of a death occurring, for example, to a home health agency patient. In addition to these circumstances, the coroner may have to investigate deaths of persons receiving health care services under the direction of the director of public health. In our view, these duties render the positions of coroner and director of public health incompatible. The coroner may not be able impartially to investigate a death occurring to a person under his general supervision as director of public health. Also, his effectiveness as coroner might be affected by his association with persons employed in the health care community. At least an appearance of impropriety would result from the simultaneous holding of these two positions.
We conclude that the positions of coroner and county director of public health are incompatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.